UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROGER N. THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:13-cv-01202-SEB-TAB |
| ) | |
| ANDY DUNIGAN, JAMES MOZZILLO, ) | |
| M.D., JENNIFER BARNES, ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Partial Motion to Dismiss**

Plaintiff Roger N. Thompson's complaint signed on July 24, 2013,[1] and received by the Court on July 26, 2013, alleges that the defendants were deliberately indifferent to his serious medical needs by refusing him treatment for his "serious lower back illness – degenerative disc disease." Complaint, p.3 (Dkt. 1). These claims are necessarily brought pursuant to 42 U.S.C. § 1983.[2] Now before the Court is defendants Andy Dunigan and Dr. James Mozzillo's motion to dismiss the claims against them as barred by the statute of limitations pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure.*

**Discussion**

Generally, the Court is hesitant to grant Rule 12(b)(6) motions on the basis of affirmative defenses. As a preliminary issue, the Seventh Circuit has "repeatedly cautioned that the proper heading for such motions is Rule 12(c), since an affirmative defense is external to the

---

[1] Pursuant to the "prison mailbox rule," a pro se prisoner's complaint is deemed filed when it is handed over to prison staff for mailing, not on the date it is received by the clerk of the court. *See Houston v. Lack,* 487 U.S. 266, 275-76 (1988); *Ingram v. Jones,* 507 F.3d 640, 643-45 (7th Cir. 2007).

[2] The plaintiff references 28 U.S.C. § 2501, which provides for a six year statute of limitations over "every claim of which the United States Court of Federal Claims has jurisdiction." This is not such a case. Section 2501 does not apply to this action.

complaint." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Rule 12(b)(6) tests whether the complaint states a claim for relief, and a plaintiff may state a claim even though there is a defense to that claim. The mere presence of a potential affirmative defense does not render the claim for relief invalid. However, when all relevant facts are presented, the court may properly dismiss a case before discovery—typically through a Rule 12(c) Motion for Judgment on the Pleadings—on the basis of an affirmative defense. *Id.* (*citing Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (approving of granting motions to dismiss based on the statute of limitations when "the relevant dates [that establish the defense] are set forth unambiguously in the complaint."). That is the case here, such that claims against Andy Dunigan and James Mozzillo are properly dismissed.

Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4.

The complaint specifically identifies dates in May of 2011 as the dates of the alleged constitutional violation. With regard to Andy Dunigan, the complaint alleges that the plaintiff spoke with Mr. Dunigan on several occasions in May of 2011 regarding the need for treatment for his back condition and that Mr. Dunigan told him in May of 2011 that "the doctor has ordered appropriate treatment in his professional medical opinion." Complaint at p. 5. As to Dr. James Mozzillo, the complaint alleges that Mozzillo received and reviewed the plaintiff's medical records on May 18, 2011 related to his back condition. *Id.* As such, Dr. Mozzillo was allegedly aware of the plaintiff's condition on that date yet refused to provide him with treatment. Therefore, the plaintiff's claims against Dr. Mozzillo also are based on events which occurred in May of 2011.

Claims against Andy Dunigan and James Mozzillo, M.D. accrued in May of 2011. Any complaint should have been filed within two years of the alleged deprivation. The complaint, however, was not filed until July 2013. Accordingly, claims against Andy Dunigan and James Mozzillo, M.D. are barred by the applicable statute of limitations and shall be dismissed pursuant to Rule 12(c) with prejudice.  For when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994); *see also Woodard v. Jackson,* 2004 WL 771244, at *8 (S.D. Ind. 2004).

This Entry does not resolve all claims against all parties. Claims against defendant Jennifer Barnes remain. No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date:  __12/19/2013__

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROGER N. THOMPSON
DOC # 926378
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

All Electronically Registered Counsel